UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN P. BAIRD; BRET KURIHARA; OS NEW MEXICO, LLC; BNS RD, LLC; SEAN SIMPSON; CHARLA SIMPSON; MARY JO MCHENRY; and K& L WELLNESS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>OSTEOSTRONG FRANCHISING, LLC; KYLE ZAGRODZKY; and JOHN JAQUISH,<br><br>Defendant. | No. 2:20-cv-02010-TLN-DMC<br><br>**ORDER** |

This matter is before the Court on Defendants OsteoStrong Franchising, LLC ("OsteoStrong") and Kyle Zagrodzky's ("Zagrodzky") (collectively, "Defendants") Motion to Transfer and Dismiss.[1] (ECF No. 16.) Plaintiffs John P. Baird ("Baird"), Bret Kurihara ("Kurihara"), OS New Mexico, LLC ("OS New Mexico"), BNS RD, LLC ("BNS RD"), Sean Simpson, Charla Simpson, Mary Jo McHenry ("McHenry"), and K&L Wellness, LLC's ("K&L") (collectively, "Plaintiffs") filed an opposition. (ECF No. 18.) Defendants filed a reply. (ECF No. 20.) For the reasons set forth below, Defendants' motion is GRANTED.

---

[1] This action involves three named Defendants. Defendant John Jaquish ("Jacquish") did not join in this motion.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

OsteoStrong is a company that sells franchises for bone density improvement centers that utilize osteogenic loading equipment.[3] (ECF No. 1 ¶ 22.) The equipment is branded as "Spectrum equipment" pursuant to a non-exclusive license from Performance Health Systems. (*Id.* at ¶¶ 19, 20.) OsteoStrong claims Spectrum equipment increases bone density, prevents osteoporosis, and "diagnose[s], cure[s], mitigate[s], treat[s], or prevent[s] medical diseases." (*Id.* at ¶¶ 16, 89.)

Plaintiffs are small business owners and franchisees of OsteoStrong centers throughout the United States. (ECF No. 4 ¶¶ 1, 2.) K&L operates an OsteoStrong franchise in California, but the other seven Plaintiffs — Baird, Kurihara, McHenry, OS New Mexico, BNS RD, and Sean Simpson and Charla Simpson (collectively, "non-California Plaintiffs") — operate OsteoStrong franchises in other states. (ECF No. 1 ¶¶ 4–10.) Plaintiffs allege OsteoStrong "intentionally omit[s] certain information, mak[es] affirmative misrepresentations, and intentionally convey[s] false information prior to executing the [franchise agreement] in an effort to induce potential franchisees into signing the agreement." (ECF No. 4 ¶ 35.) Specifically, Plaintiffs were harmed by Defendants' intentional omission of information regarding known bankruptcies and lawsuits in Defendants' Franchise Disclosure Document ("FDD"),[4] their affirmative misrepresentation of the patent rights and proprietary nature of OsteoStrong's equipment, and their intentional misrepresentation of their organizational relationship with motivational speaker Tony Robbins. (*Id.* at ¶¶ 36, 42–47, 48–58, 59–65.)

---

[2] The factual and procedural background is taken from the Court's May 4, 2021 Order denying Plaintiffs' Motion for Preliminary Injunction. (ECF No. 21.)

[3] "Osteogenic loading" exercises are defined in the Complaint as equipment "intended to measure forces on bone and muscle, and through the application of force, or loads, foster strengthening of both bone and muscle tissue." (ECF No. 1 at ¶ 17.)

[4] As Plaintiffs note, in accordance with the Federal Trade Commission's Franchise Rule, 16 C.F.R. Parts 436 and 437, a franchisor is required to serve a complete and accurate FDD on each potential franchisee at least 14 days before entering into a Franchise Agreement ("FA") with the potential franchisee. (*Id.* at ¶ 23.) Plaintiffs also note that they received and relied upon FDDs issued by OsteoStrong. (*Id.* at ¶¶ 37–41.)

1   Plaintiffs further allege that OsteoStrong also "create[s] an impossibility of performance
2   under the [franchise agreement] and negligently expos[es] franchisees to criminal and civil
3   liability." (*Id.* at ¶ 35.)  Specifically, OsteoStrong "violates [f]ederal law by marketing its system
4   as a medical treatment," and further fails to comply with the Federal Food, Drug, and Cosmetic
5   Act ("FDCA") and the U.S. Food and Drug Administration ("FDA") regulations for medical
6   devices. (*Id.* at ¶¶ 67, 68–88.)  Additionally, OsteoStrong "requires franchisees to use these same
7   marketing materials and practices" and "may unilaterally terminate the FA with the [f]ranchisee
8   for failure to do so." (*Id.* at ¶¶ 67, 110.)  Plaintiffs also allege that the FAs require them to
9   comply with "all applicable laws, regulations, codes, and ordinances including, without
10  limitation, all governmental regulations relating to sales and marketing, which includes the FDA."
11  (*Id.* at ¶ 113.)  However, Plaintiffs believe that performance under the FA is impossible because
12  OsteoStrong mandates the usage of marketing materials and practices that "[do] not comply with
13  all applicable laws, regulations, codes and ordinances." (*Id.* at ¶ 114.)  Plaintiffs assert that had
14  they been aware the marketing materials and practices provided to them were not in compliance
15  with local and federal laws, they would not have signed the FAs. (*Id.* at ¶ 120.)

16  On October 7, 2020, Plaintiffs filed a Complaint in this Court, alleging claims for: (1)
17  common law fraud; (2) common law fraudulent inducement; (3) common law negligent
18  misrepresentation by OsteoStrong; (4) common law negligent misrepresentation by Zagrodzky
19  and Jaquish in their individual capacity; (5) unjust enrichment; (6) violations of the California
20  Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code §§ 17200–210); (7) violations of the
21  California Corporations Code; (8) violations of 15 U.S.C. § 52; (9) violations of 35 U.S.C. § 292;
22  (10) declaratory judgment that the franchise agreements are void as contracts for an illegal
23  purpose or otherwise contrary to public policy; and (11) preliminary and permanent injunctive
24  relief. (*See* ECF No. 1 at 36–50.)  On January 29, 2021, Defendants filed the instant motion to
25  transfer and dismiss. (ECF No. 16.)

26  **II.    STANDARD OF LAW**

27  "For the convenience of parties and witnesses, in the interest of justice, a district court
28  may transfer any civil action to any other district or division where it might have been brought or

3

to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The purpose of 28 U.S.C. § 1404(a) ("§ 1404(a)") "is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses, and the public against unnecessary inconvenience and expense[.]'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26–27 (1960)). In considering a transfer pursuant to § 1404(a), the district court undertakes an "individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (internal citation omitted).

### III. ANALYSIS

With respect to the non-California Plaintiffs, Defendants argue the action should be dismissed based on improper venue under Rule 12(b)(3) or, in the alternative, the action should be transferred under the forum selection clauses in the non-California Plaintiffs' franchise agreements and § 1404(a). (*See* ECF No. 16-1.) With respect to the one California Plaintiff, Defendants argue the action should be dismissed based on a failure to state a claim under Rule 12(b)(6). (*See id.*) The Court will address Defendants' motion to transfer and decline to address Defendants' motions to dismiss for improper venue and for failure to state a claim because it finds that transfer is warranted pursuant to the forum selection clause and § 1404(a).

In their motion to transfer, Defendants argue that forum selection clauses exist in each of the respective franchise agreements for the non-California Plaintiffs, which requires transfer to the Southern District of Texas or Harris County. (ECF No. 16-1 at 15.) Defendants further argue the § 1404(a) factors weigh in favor of transfer. (*Id.* at 16.) The Court will first determine the validity of the forum selection clause. Because the Court finds that the forum selection clause is valid for the non-California Plaintiffs but void for the California Plaintiff, it will then evaluate under § 1404(a) whether the forum selection clauses require transfer of the one non-California Plaintiff.

#### A. <u>Validity of the Forum Selection Clause</u>

Defendants argue that forum selection clauses exist in each of the respective franchise agreements between OsteoStrong and the non-California Plaintiffs. (*Id.* at 15.) Defendants

4

contend that pursuant to the forum selection clauses, the non-California Plaintiffs agreed to bring any action "within the state and federal judicial district courts that service the county in which Franchisor maintains its principal business address at the time the action is initiated" and OsteoStrong's principal business address is located in the Southern District of Texas and in Harris County. (*Id.*) Defendants assert Plaintiffs cannot provide an "extraordinary" reason why the forum selection clause should not govern and thus each of the non-California Plaintiffs' claims must be transferred to the U.S. District Court for the Southern District of Texas or dismissed and refiled in Harris County. (*Id.*)

In opposition, Plaintiffs assert forum selection clauses are void as a matter of public policy under the California Franchise Relations Act ("CFRA"), Business & Professions Code § 20040.5 ("§ 20040.5"), which provides that "a provision in a franchise agreement restricting venue to a forum outside California is void with respect to any claim arising under or relating to, a franchise agreement involving a franchise business operating within the state." (ECF No. 18 at 8–9.) Plaintiffs note "[t]he CFRA provides that forum selection clauses restricting venue to a forum outside the state are void for claims arising out of, or relating to, a franchise agreement, especially when the claims involve non-waivable California statutory rights like those granted to franchisees as part of the Franchise Investment Law and CFRA for franchises, like those offered by Defendants, which operate within this state."[5] (*Id.* at 9.)

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.* (*Atl. Marine*), 571 U.S. 49, 62 (2013) (footnote omitted). A forum-selection clause is prima facie valid and should not be set aside unless the party challenging enforcement can show it is unreasonable under the circumstances. *M/S Bremen v. Zapata Off-Shore Co.* (*Bremen*), 407 U.S. 1, 10 (1972). A forum-

---

[5] Plaintiffs also contend in the alternative that even if the forum selection clause was not voided by § 20040.5, it is invalid based on a lack of mutual assent. (*Id.* at 11–13.) Because the Court finds § 20040.5 voids the forum selection clause for the California Plaintiff, it declines to address this alternative argument and Defendants' arguments in reply.

selection clause is unreasonable if: (1) its incorporation into the contract was the "result of fraud, undue influence, or overweening bargaining power"; (2) the selected forum is so inconvenient that "the complaining party will for all practical purposes be deprived of its day in court"; or (3) "enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought." *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996) (citing *Bremen*, 407 U.S. at 15, 18) (internal quotations omitted); *see also Gemini Techs., Inc. v. Smith & Wesson Corp.*, 931 F.3d 911, 915 (9th Cir. 2019).

Here, Defendants contend a forum selection clause exists in each of the respective franchise agreements with the non-California Plaintiffs. (ECF No. 16-1 at 15.) Defendants provide the franchise agreements with Baird, Kurihara, McHenry, Sean Simpson and Charla Simpson, and BNS RD, all of which contain the following clause:

> 19.4. <u>Venue</u>. With respect to any controversies, disputes or claims which are not finally resolved through mediation as provided in Section 19.2., the parties agree that any action brought by either party against the other in any court, whether federal or state, must be brought and maintained exclusively within the state and federal judicial district courts that service the county in which Franchisor maintains its principal business address at the time the action is initiated, and the parties hereby waive all questions of personal jurisdiction or venue for the purpose of carrying out this provision.

(ECF No. 16-3 at 81; ECF No. 16-5 at 81; ECF No. 16-7 at 77; ECF No. 16-8 at 81[6]; ECF No. 16-9 at 81.) OS New Mexico's franchise agreement also contains a nearly identical clause. (ECF No. 16-6.) The only differences are that the word "must" in the clause above is "shall" and the clause is numbered as "19.3." (*Id.*) Plaintiff contests this forum selection clause as unenforceable because it would contravene the strong public policy of California.[7] (*See* ECF No. 18 at 8–9.)

---

[6] Sean Simpson and Charla Simpson are both named as the franchisees in the operation of one franchise in Albuquerque, New Mexico. (ECF No. 16-8 at 51.)

[7] There is no argument that the clause's incorporation into the contract was the "result of fraud, undue influence, or overweening bargaining power" or that the selected forum is so inconvenient that "the complaining party will for all practical purposes be deprived of its day in court." *Argueta*, 87 F.3d at 325. The Court will therefore only consider the argument raised by Plaintiffs that it contravenes the strong public policy of California.

6

California Business & Professions Code § 20040.5 provides: "[a] provision in a franchise agreement restricting venue to a forum outside this state is void with respect to any claim arising under or relating to a franchise agreement involving a franchise business operating within this state." Section 20015 of the same chapter notes: "[t]he provisions of this chapter apply to any franchise where either the franchisee is domiciled in this state or the franchised business is or has been operated in this state." Cal. Bus. & Prof. Code § 20015.

Defendants note that § 20040.5 is inapplicable because "it is undisputed that the seven non-California Plaintiffs are neither domiciled in California nor operate in California" and thus "the forum selection clauses contained in the seven non-California Plaintiffs' franchise agreements are not subject to, or voided by, [§] 20040.5." (ECF No. 20 at 8.) The Court agrees. A review of the seven non-California Plaintiffs' franchise agreements confirms that none of them operate an OsteoStrong franchise in California. (*See* ECF Nos. 16-3, 16-5–16-9.) Only one Plaintiff in this case operates an OsteoStrong franchise located within California — K&L, the named franchisees of which are Ken and Linda Burbank. (*See* ECF No. 16-4.) By the plain language of the statute, therefore, § 20040.5 only applies to forum selection clause in K&L's franchise agreement. Plaintiffs have therefore adequately established that enforcement of the forum selection clause is unreasonable with respect to K&L pursuant to § 20040.5. *Bremen*, 407 at 10. Accordingly, the forum selection clauses in the non-California Plaintiffs' franchise agreements are valid and the forum selection clause in K&L Wellness's franchise agreement is void.

    B. <u>Whether the Clause Requires Transfer</u>

Defendants maintain that, pursuant to *Atl. Marine*, the Court must deem the private interest factors weigh in favor of transfer. (ECF No. 16-1 at 16.) Defendants argue the public interest factors weigh in favor of transfer as well. (*Id.*) In opposition, Plaintiffs argue Defendants' reliance on *Atl. Marine* is misplaced because courts have concluded forum selection clauses in franchise agreements are not subject to the holding in *Atl. Marine*. (ECF No. 18 at 10.) Because the Court has concluded that the forum selection clauses in the non-California Plaintiffs' franchise agreements are valid, it agrees with Defendants that *Atl. Marine* should govern.

In a § 1404(a) analysis, the Court first must determine whether the case could have been brought in the transferee forum and then it considers the convenience of the parties and witnesses and the interest of justice. 28 U.S.C. § 1404(a). Courts looks to several factors to determine where the interests of justice and convenience lie, including "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." *Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 993 (N.D. Cal. 2011) (citing *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009)); *see also Jones*, 211 F.3d at 498–99. "No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." *Ctr. for Biological Diversity v. Kempthorne*, No. C 08-1339 CW, 2008 WL 4543043, at *2 (N.D. Cal. Oct. 10, 2008) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 639 (9th Cir. 1988)).

Where the forum-selection clause is found to be valid, the Court must adjust its usual § 1404(a) analysis. *Atl. Marine*, 571 U.S. at 63. "First, the plaintiff's choice of forum merits no weight." *Id.* "Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *Id.* at 64. This means a district court should consider arguments only about public-interest factors. *Id.* As these factors "will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases . . . [which] will not be common." *Id.* "Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice of law rules — a factor that in some circumstances may affect public-interest considerations." *Id.*

As mentioned previously, Defendants in their motion briefly consider one of the factors under § 1404(a): the local interest in the controversy. (*See* ECF No. 16-1 at 16.) Plaintiffs do not address the § 1404(a) factors at all in their opposition. (*See* ECF No. 20.) As a preliminary matter, the Court declines to consider the factors relating to the parties' private interests —

namely, Plaintiffs' choice of forum, convenience of the parties, and convenience of the witnesses — because there is a valid forum selection clause. *Atl. Marine*, 571 U.S. at 63–64. The Court will consider the remaining § 1404(a) public interest factors in turn.

### i. Ease of Access to the Evidence

None of the parties address this factor. However, the Court notes that because neither the non-California Plaintiffs nor Defendants are based in this district or even in California, access to the evidence would be easier in the Southern District of Texas because that is where OsteoStrong is based. (ECF No. 16-1 at 9.) Accordingly, this factor weighs in favor of transfer.

### ii. Familiarity of Each Forum with the Applicable Law

None of the parties address this factor. Accordingly, this factor is neutral.

### iii. Feasibility of Consolidation with Other Claims

Although Defendants did not directly address this factor, they note that "OS New Mexico, Sean Simpson, and Charla Simpson[] have filed a substantially similar lawsuit against OsteoStrong in the Southern District of Texas, Case No. 4:19-cv-2334, on June 28, 2019, essentially alleging the same claims at issue here." (ECF No. 16-1 at 10, 13.) Defendants attach the first amended complaint in that case to their motion, a review of which reveals that Defendants are correct on all of the foregoing. (*See* ECF No. 16-10.) From a judicial efficiency standpoint, it makes sense for the same district or even the same court to oversee substantially similar lawsuits. Accordingly, the Court finds this factor weighs in favor of transfer.

### iv. Local Interest in the Controversy

Defendants argue that "[g]iven that OsteoStrong is located in Texas, the imposition of jury duty on the people of Houston, Texas, would be warranted, as the lawsuit(s) pertains to a local company." (ECF No. 16-1 at 16.) Defendants note that "[a]llowing the non-California Plaintiffs' case to proceed [in the Eastern District of California] would impose jury duty on the people of a community unrelated to the litigation." (*Id.*) Defendants contend "there is a local interest in resolving the controversy at home, as opposed to a foreign California court — a forum foreign to both sides." (*Id.*) The Court agrees. In light of the fact that Defendants seek to transfer the cases of the non-California Plaintiffs (*see id.*) and the fact that OsteoStrong is a

Texas-based company (*id.* at 9), the Eastern District of California has absolutely no interest in the controversy. Accordingly, the Court finds this factor weighs in favor of transfer.

        *v.*    *Relative Court Congestion*

None of the parties address the factor of relative court congestion and time of trial in each forum. However, it is relevant here. According to statistical tables available on the U.S. Courts website, as of September 30, 2021, the Eastern District of California had 1,322 pending actions per judgeship, while the Southern District of Texas had 784 pending actions per judgeship. *Table N/A–U.S. District Courts–Combined Civil and Criminal Federal Court Management Statistics* (June 30, 2021), available at https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2021/09/30-1 (last accessed March 3, 2022). Additionally, Chief Judge Kimberly J. Mueller testified before the House Judiciary Committee on February 4, 2021, on the need for new federal court judgeships in the Eastern District of California, noting that this district has qualified for judicial emergency status for at least 20 years. *Hearing on The Need for New Lower Court Judgeships, 30 Years in the Making,* 117th Cong. 2–3 (2021) (statement of Kimberly J. Mueller, Chief Judge, U.S. District Court, Eastern District of California), available at http://www.caed.uscourts.gov/caednew/assets/File/Chief%20Judge%20Kimberly%20J_%20Mueller's%20Written%20Statement_2_21.pdf (last accessed March 3, 2022). The Eastern District of California is significantly more congested than the Southern District of Texas. Accordingly, the Court finds this factor weighs in favor of transfer.

Based on the foregoing, and in the absence of any contrary arguments or evidence that might indicate the Eastern District of California is a more appropriate venue than the Southern District of Texas, the Court concludes that transfer to the Southern District of Texas is appropriate.

      C.    Whether the Remaining Plaintiff's Case Should Be Transferred

With the transfer of the non-California Plaintiffs to the Southern District of Texas and the already-pending litigation against OsteoStrong there, it remains unclear to the Court why the California Plaintiff's case should remain in this district. K&L is therefore ordered to show cause why this action should not be transferred to the Southern District of Texas. *See Wade v. Kerner*,

No. 2:20-cv-1791-KJM-KJN PS, 2020 WL 6158234, at *3 (E.D. Cal. Oct. 21, 2020) (citing *Union Elec. Co. v. Energy Ins. Mut. Ltd.*, 689 F.3d 968, 972 (8th Cir. 2012); *Singh v. Cissna*, No. 1:18-cv-0782-SKO, 2018 WL 4182602 (E.D. Cal. Aug. 30, 2018)); *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (noting that there is a "long-approved practice of permitting a court to transfer a case sua sponte under the doctrine of *forum non conveniens*, as codified at 28 U.S.C. § 1404(a), so long as the parties are first given the opportunity to present their views on the issue"). K&L's response to this Order regarding transfer shall be filed as a separate brief and shall indicate why the case should remain in the Eastern District.

### IV. CONCLUSION

Based on the foregoing, the Court hereby GRANTS Defendants' Motion to Transfer Venue and DENIES as moot Defendants' Motion to Dismiss. (ECF No. 16.) The Court hereby transfers the instant action as it pertains to Baird, Kurihara, McHenry, Sean Simpson, Charla Simpson, OS New Mexico, and BNS RD to the U.S. District Court for the Southern District of Texas. As previously mentioned, K&L is ORDERED to show cause within fourteen (14) days of the electronic filing date of this Order why this action should not be transferred to the Southern District of Texas.

IT IS SO ORDERED.

DATED: March 8, 2022

Troy L. Nunley
United States District Judge

11